IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CARRIE DE MOOR M.D. and CODE 3 EMERGENCY PHYSICIANS, P.A. | § § § | Case No. 4:23-cv-968 |
| | § | JURY TRIAL DEMANDED |
| Plaintiffs | § | |
| | § | |
| v. | § | |
| | § | |
| ANTHEM BLUE CROSS now operating under | § | |
| THE ELEVANCE HEALTH COMPANIES, | § | |
| INC., ANTHEM HEALTH PLANS OF | § | |
| KENTUCKY, INC. dba Anthem Blue Cross and | § | |
| Blue Shield, ANTHEM HEALTH PLANS OF | § | |
| MAINE, INC. dba Anthem Blue Cross and Blue | § | |
| Shield, ANTHEM HEALTH PLANS OF NEW | § | |
| HAMPSHIRE, INC. dba Anthem Blue Cross | § | |
| and Blue Shield, ANTHEM HEALTH PLANS | § | |
| OF VIRGINIA, INC. dba Anthem Blue Cross | § | |
| and Blue Shield of Virginia, ANTHEM | § | |
| HEALTH PLANS, INC. dba Blue Cross and | § | |
| Blue Shield of Connecticut, Inc., ANTHEM | § | |
| INSURANCE COMPANIES, INC. dba Anthem | § | |
| Blue Cross Blue Shield and dba Blue Cross and | § | |
| Blue Sheild of Indiana, BCBSM INC. dba Blue | § | |
| Cross and Blue Shield of Minnesota, BLUE | § | |
| CROSS & BLUE SHIELD OF MISSISSIPPI, | § | |
| BLUE CROSS & BLUE SHIELD OF RHODE | § | |
| ISLAND, BLUE CROSS & BLUE SHIELD OF | § | |
| WYOMING, BLUE CROSS AND BLUE | § | |
| SHIELD OF ALABAMA, BLUE CROSS AND | § | |
| BLUE SHIELD OF ARIZONA, INC., BLUE | § | |
| CROSS AND BLUE SHIELD OF FLORIDA, | § | |
| INC. dba Florida Blue, BLUE CROSS AND | § | |
| BLUE SHIELD OF KANSAS CITY, BLUE | § | |
| CROSS AND BLUE SHIELD OF KANSAS, | § | |
| INC., BLUE CROSS AND BLUE SHIELD OF | § | |
| MASSACHUSETTS, INC., BLUE CROSS | § | |
| AND BLUE SHIELD OF NEBRASKA, INC., | § | |
| BLUE CROSS AND BLUE SHIELD OF | § | |
| NORTH CAROLINA, BLUE CROSS AND | § | |
| BLUE SHIELD OF SOUTH CAROLINA, | § | |
| BLUE CROSS AND BLUE SHIELD OF | § | |

COMPLAINT – Page 1

VERMONT, BLUE CROSS BLUE SHIELD                §
HEALTHCARE PLAN OF GEORGIA, INC.               §
fka Blue Cross and Blue Shield of Georgia, Inc.,   §
BLUE CROSS BLUE SHIELD OF MICHIGAN §
MUTUAL INSURANCE COMPANY, BLUE                §
CROSS BLUE SHIELD OF NORTH                     §
DAKOTA, BLUE CROSS BLUE SHIELD OF              §
WISCONSIN, BLUE CROSS OF IDAHO                 §
HEALTH SERVICE, INC., BLUECROSS                §
BLUESHIELD OF TENNESSEE, INC.,                 §
CALIFORNIA PHYSICIANS' SERVICE dba             §
Blue Shield of California, CAPITAL BLUE         §
CROSS, COMMUNITY INSURANCE                     §
COMPANY dba Anthem Blue Cross and Blue          §
Shield Ohio, EMPIRE HEALTHCHOICE,              §
INC. dba Empire Blue Cross Blue Shield,         §
EXCELLUS HEALTH PLAN, INC. dba                 §
Excellus Blue Cross Blue Shield, GROUP          §
HOSPITALIZATION AND MEDICAL                    §
SERVICES INC. dba CareFirst BlueCross           §
BlueShield, HAWAII MEDICAL SERVICES            §
CORPORATION dba Hawaii Medical Services         §
Association, HIGHMARK BCBSD INC. dba            §
Highmark Blue Cross Blue Shield Delaware,        §
HIGHMARK INC. dba Highmark Blue Shield          §
and dba Highmark Blue Cross Blue Shield,         §
HIGHMARK INC. dba Highmark Blue Shield          §
and dba Highmark Blue Cross Blue Shield,         §
HIGHMARK WEST VIRGINIA, INC. dba               §
Highmark Blue Cross Blue Shield West Virginia, §
HIGHMARK WESTERN AND                           §
NORTHEASTERN NEW YORK INC. dba                 §
Highmark Blue Shield of Northeastern New        §
York and dba Highmark Blue Shield of Western    §
New York, HORIZON HEALTHCARE                   §
SERVICES, INC. dba Horizon Blue Cross and       §
Blue Shield of New Jersey, INDEPENDENCE         §
BLUE CROSS, LLC, LOUISIANA HEALTH              §
SERVICE & INDEMNITY COMPANY dba                §
Blue Cross/Blue Shield of Louisiana,            §
PREMERA BLUE CROSS, PREMERA BLUE               §
CROSS AND BLUE SHIELD OF ALASKA                §
CORPORATION, REGENCE BLUECROSS                 §
BLUESHIELD OF OREGON, REGENCE                  §
BLUECROSS BLUESHIELD OF UTAH,                  §

REGENCE BLUESHIELD, REGENCE          §
BLUESHIELD OF IDAHO, INC.,           §
RIGHTCHOICE® MANAGED CARE, INC.      §
dba Anthem Blue Cross and Blue Shield, §
ROCKY MOUNTAIN HOSPITAL AND          §
MEDICAL SERVICE, INC. fka Anthem Blue §
Cross and Blue Shield of Colorado and also §
operating under the name of Anthem Blue Cross §
and Blue Shield of Nevada, TRIPLE-S SALUD, §
INC. an Independent Licensee of BlueCross §
BlueShield of Puerto Rico, USABLE MUTUAL §
INSURANCE COMPANY dba Arkansas Blue §
Cross and Blue Shield, WELLMARK, INC. dba §
Wellmark Blue Cross and Blue Shield, §
                                     §
            Defendants.              §

## COMPLAINT

Plaintiffs Carrie de Moor M.D. and Code 3 Emergency Physicians, P.A, (collectively "Plaintiffs," and individually "de Moor," or "Code 3") by their attorneys file this Complaint against Defendants ANTHEM BLUE CROSS now operating under THE ELEVANCE HEALTH COMPANIES, INC., ANTHEM HEALTH PLANS OF KENTUCKY, INC. dba Anthem Blue Cross and Blue Shield, ANTHEM HEALTH PLANS OF MAINE, INC. dba Anthem Blue Cross and Blue Shield, ANTHEM HEALTH PLANS OF NEW HAMPSHIRE, INC. dba Anthem Blue Cross and Blue Shield, ANTHEM HEALTH PLANS OF VIRGINIA, INC. dba Anthem Blue Cross and Blue Shield of Virginia, ANTHEM HEALTH PLANS, INC. dba Blue Cross and Blue Shield of Connecticut, Inc., ANTHEM INSURANCE COMPANIES, INC. dba Anthem Blue Cross Blue Shield and dba Blue Cross and Blue Sheild of Indiana, BCBSM INC. dba Blue Cross and Blue Shield of Minnesota, BLUE CROSS & BLUE SHIELD OF MISSISSIPPI, BLUE CROSS & BLUE SHIELD OF RHODE ISLAND, BLUE CROSS & BLUE SHIELD OF WYOMING, BLUE CROSS AND BLUE SHIELD OF ALABAMA, BLUE CROSS AND BLUE SHIELD OF

ARIZONA, INC., BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC. dba Florida Blue, BLUE CROSS AND BLUE SHIELD OF KANSAS CITY, BLUE CROSS AND BLUE SHIELD OF KANSAS, INC., BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS, INC., BLUE CROSS AND BLUE SHIELD OF NEBRASKA, INC., BLUE CROSS AND BLUE SHIELD OF NORTH CAROLINA, BLUE CROSS AND BLUE SHIELD OF SOUTH CAROLINA, BLUE CROSS AND BLUE SHIELD OF VERMONT, BLUE CROSS BLUE SHIELD HEALTHCARE PLAN OF GEORGIA, INC. fka Blue Cross and Blue Shield of Georgia, Inc., BLUE CROSS BLUE SHIELD OF MICHIGAN MUTUAL INSURANCE COMPANY, BLUE CROSS BLUE SHIELD OF NORTH DAKOTA, BLUE CROSS BLUE SHIELD OF WISCONSIN, BLUE CROSS OF IDAHO HEALTH SERVICE, INC., BLUECROSS BLUESHIELD OF TENNESSEE, INC., CALIFORNIA PHYSICIANS' SERVICE dba Blue Shield of California, CAPITAL BLUE CROSS, COMMUNITY INSURANCE COMPANY dba Anthem Blue Cross and Blue Shield Ohio, EMPIRE HEALTHCHOICE, INC. dba Empire Blue Cross Blue Shield, EXCELLUS HEALTH PLAN, INC. dba Excellus Blue Cross Blue Shield, GROUP HOSPITALIZATION AND MEDICAL SERVICES INC. dba CareFirst BlueCross BlueShield, HAWAII MEDICAL SERVICES CORPORATION dba Hawaii Medical Services Association, HIGHMARK BCBSD INC. dba Highmark Blue Cross Blue Shield Delaware, HIGHMARK INC. dba Highmark Blue Shield and dba Highmark Blue Cross Blue Shield, HIGHMARK INC. dba Highmark Blue Shield and dba Highmark Blue Cross Blue Shield, HIGHMARK WEST VIRGINIA, INC. dba Highmark Blue Cross Blue Shield West Virginia, HIGHMARK WESTERN AND NORTHEASTERN NEW YORK INC. dba Highmark Blue Shield of Northeastern New York and dba Highmark Blue Shield of Western New York, HORIZON HEALTHCARE SERVICES, INC. dba Horizon Blue Cross and Blue Shield of New Jersey, INDEPENDENCE BLUE CROSS, LLC, LOUISIANA HEALTH

SERVICE & INDEMNITY COMPANY dba Blue Cross/Blue Shield of Louisiana, PREMERA BLUE CROSS, PREMERA BLUE CROSS AND BLUE SHIELD OF ALASKA CORPORATION, REGENCE BLUECROSS BLUESHIELD OF OREGON, REGENCE BLUECROSS BLUESHIELD OF UTAH, REGENCE BLUESHIELD, REGENCE BLUESHIELD OF IDAHO, INC., RIGHTCHOICE® MANAGED CARE, INC. dba Anthem Blue Cross and Blue Shield, ROCKY MOUNTAIN HOSPITAL AND MEDICAL SERVICE, INC. fka Anthem Blue Cross and Blue Shield of Colorado and also operating under the name of Anthem Blue Cross and Blue Shield of Nevada, TRIPLE-S SALUD, INC. an Independent Licensee of BlueCross BlueShield of Puerto Rico, USABLE MUTUAL INSURANCE COMPANY dba Arkansas Blue Cross and Blue Shield, WELLMARK, INC. dba Wellmark Blue Cross and Blue Shield, and allege as follows:

## NATURE OF THE ACTION

1.      This is an action concerning the interests of Code 3 Emergency Partners, LLC, which owned and operated freestanding emergency room and urgent care centers throughout Texas,[1] **and the interests of Code 3 Emergency Physicians, PA which provided professional physician services** and various Blue Cross Blue Shield ("BCBS") health insurance companies.[2]  Code 3 alleges BCBS companies improperly and intentionally underpaid claims Code 3 submitted on behalf of BCBS plan members ("Members") who received emergency services in Code 3 facilities.  Underpaying those

---

[1] As explained *infra*, differences between Code 3 Emergency Partners, LLC (at that point, largely owned and controlled by Morgan Stanley), and Dr. de Moor ended in litigation.  The litigation resolved with Code 3 Emergency Physicians, PA– the staffing company Dr. de Moor owns – gaining ownership rights to all of Code 3 Emergency Partners, LLC's outstanding claims and accounts receivable.

[2] Anthem BCBS has renamed itself "Elevance" and has expanded the number of states in which it operates. The companies comprising the national Blue Cross Blue Shield Association ("BCBSA") are "federated" but are independent of each other.  This notoriously complicated structure does not lend itself to transparent understanding of BCBSA's organization, let alone an accurate list of states in which a BCBSA entity operates. This Complaint refers to "Anthem" rather than "Elevance" because that was the entity's name during the events described in this Complaint. They are, however, one and the same.

claims resulted in patients receiving large bills for the balance of what the BCBS companies allowed as appropriate charges but did not pay.

2.      Both employer-based plans – those group health plans governed by Employee Retirement Income Security Act of 1974 ("ERISA") – and ERISA-exempt plans governed by Texas law provide statutory limitations on cost-sharing imposed on patients who seek emergency treatment at an out-of-network emergency facility, including a freestanding emergency room like Code 3. See 29 U.S.C. § 1001 *et seq.*, Tex. Ins. Code Ann. §§ 1271.001 *et seq.* (statutes governing health maintenance organizations ("HMO")); 28 Tex. Admin. Code §§ 11.1 *et seq.* (regulations governing HMOs); Tex. Ins. Code. Ann. §§ 1301.001 *et seq.* (statutes governing preferred provider organizations ("PPO") and exclusive provider organizations ("EPO")); 28 Tex. Admin. Code §§ 3.3701 *et seq.* (regulations governing PPOs and EPOs).

3.      Plaintiffs seek a judgment ordering Defendants to pay Plaintiffs the proper amount of the Code 3 claim requests, which is the usual and customary charge for all services, from January 1, 2017 to April 20, 2020

### THE PARTIES AND SIGNIFICANT NON-PARTIES

4.      Plaintiff Carrie de Moor, M.D., ("Dr. de Moor") is an individual residing in Frisco, Texas and is a citizen of the state of Texas. She is also a licensed physician, board certified in emergency medicine. She is the founder and first chief executive officer of Code 3 Emergency Physicians, P.A.

5.      Plaintiff Code 3 Emergency Physicians, P.A. is a Texas – organized professional association that provided physician staffing services at six free-standing emergency rooms ("FSERs") at various locations in Texas.

6.      Defendant **ANTHEM BLUE CROSS** is a limited liability company offering health insurance and doing business in Texas. Anthem Blue Cross recently became **THE ELEVANCE HEALTH COMPANIES, INC.** with headquarters in Indianapolis, Indiana and it is and was at all times relevant to this Complaint a corporate entity formed in the State of Indiana. Defendant may be served through its Registered Agent, **CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201**, or wherever it may be found.

7.      Defendant **ANTHEM HEALTH PLANS OF KENTUCKY, INC. DBA ANTHEM BLUE CROSS AND BLUE SHIELD** is a Kentucky corporation conducting insurance business in Texas. Anthem Health Plans of Kentucky, Inc. has headquarters in Kentucky and it is and was, at all times relevant to this Complaint, a corporate entity formed in the State of Kentucky. Pursuant to Texas Insurance Code § 804.106(b)(1), the Texas Secretary of State is this Defendant's irrevocable agent to accept service of process in this matter. Therefore, this Defendant may be served with process through the Texas Secretary of State at Service of Process, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701 on behalf of Anthem Health Plans of Kentucky, Inc. dba Anthem Blue Cross and Blue Shield, C T Corporation System, 306 W. Main St., Ste. 512, Frankfort, KY 04601, or alternatively to Defendant's corporate headquarters located at 13550 Triton Park Blvd., Louisville, KY 40223, or wherever it may be found.

8.      Defendant **ANTHEM HEALTH PLANS OF MAINE, INC. DBA ANTHEM BLUE CROSS AND BLUE SHIELD** is a Maine insurance corporation conducting insurance business in Texas. Anthem Health Plans of Maine, Inc. has headquarters in Maine and it is and was, at all times relevant to this Complaint, a corporate entity formed in the State of Maine. Pursuant to Texas Insurance Code § 804.106(b)(1), the Texas Secretary of State is this Defendant's irrevocable agent to accept service of process in this matter. Therefore, this Defendant may be served with

process through the Texas Secretary of State at Service of Process, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701 on behalf of Anthem Health Plans of Maine, Inc. dba Anthem Blue Cross and Blue Shield, Kenneth A. Keene, 128 State St., #3, Augusta, ME 04330, or wherever it may be found.

9.    Defendant **ANTHEM HEALTH PLANS OF NEW HAMPSHIRE, INC. DBA ANTHEM BLUE CROSS AND BLUE SHIELD** is a New Hampshire insurance company conducting insurance business in Texas. Anthem Health Plans of New Hampshire, Inc. has headquarters in New Hampshire and it is and was, at all times relevant to this Complaint, a corporate entity formed in the State of New Hampshire. Pursuant to Texas Insurance Code § 804.106(b)(1), the Texas Secretary of State is this Defendant's irrevocable agent to accept service of process in this matter. Therefore, this Defendant may be served with process through the Texas Secretary of State at Service of Process, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701 on behalf of Anthem Health Plans of New Hampshire, Inc. dba Anthem Blue Cross and Blue Shield, C T Corporation System, 2-1/2 Beacon St., Concord, NH 03301, or alternatively to Defendant's corporate headquarters located at 1155 Elm St., Ste 200, Manchester, NH 03101, or wherever it may be found.

10.    Defendant **ANTHEM HEALTH PLANS OF VIRGINIA, INC. DBA ANTHEM BLUE CROSS AND BLUE SHIELD VIRGINIA** is a Virginia corporation conducting insurance business in Texas. Anthem Health Plans of Virginia, Inc. has headquarters in Virginia and it is and was, at all times relevant to this Complaint, a corporate entity formed in the State of Virginia. Pursuant to Texas Insurance Code § 804.106(b)(1), the Texas Secretary of State is this Defendant's irrevocable agent to accept service of process in this matter. Therefore, this Defendant may be served with process through the Texas Secretary of State at Service of Process, James E. Rudder Building,

1019 Brazos, Room 105, Austin, Texas 78701 on behalf of Anthem Health Plans of Virginia, Inc. dba Anthem Blue Cross and Blue Shield Virginia, C T Corporation System, 4701 Cox Rd., Ste. 285, Glen Allen, VA 23060, or alternatively to Defendant's corporate headquarters located at 2015 Staples Mill Rd., Richmond, VA 23230, or wherever it may be found.

11.     Defendant **ANTHEM HEALTH PLANS, INC. DBA BLUE CROSS AND BLUE SHIELD OF CONNECTICUT, INC.** is a Connecticut insurance company conducting insurance business in Texas. Anthem Health Plans, Inc. has headquarters in Connecticut and it is and was, at all times relevant to this Complaint, a corporate entity formed in the State of Connecticut. Pursuant to Texas Insurance Code § 804.106(b)(1), the Texas Secretary of State is this Defendant's irrevocable agent to accept service of process in this matter. Therefore, this Defendant may be served with process through the Texas Secretary of State at Service of Process, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701 on behalf of Anthem Health Plans, Inc. dba Blue Cross and Blue Shield of Connecticut, Inc., C T Corporation System, 67 Burnside Ave., East Hartford, CT 06108, or alternatively to Defendant's corporate headquarters located at 108 Leigus Road, Wallingford, CT 06492, or wherever it may be found.

12.     Defendant **ANTHEM INSURANCE COMPANIES, INC. DBA ANTHEM BLUE CROSS BLUE SHIELD and DBA BLUE CROSS AND BLUE SHEILD OF INDIANA** is an Indiana Mutual Insurance Company conducting insurance business in Texas. Anthem Insurance Companies, Inc. has headquarters in Indiana and it is and was, at all times relevant to this Complaint, a corporate entity formed in the State of Indiana. Pursuant to Texas Insurance Code § 804.106(b)(1), the Texas Secretary of State is this Defendant's irrevocable agent to accept service of process in this matter. Therefore, this Defendant may be served with process through the Texas Secretary of State at Service of Process, James E. Rudder Building, 1019 Brazos, Room 105, Austin,

Texas 78701 on behalf of Anthem Insurance Companies, Inc. dba Anthem Blue Cross Blue Shield and dba Blue Cross and Blue Sheild of Indiana, C T Corporation System, 334 N. Senate Ave, Indianapolis, IN 46204, or wherever it may be found.

13.    Defendant **BCBSM INC. DBA BLUE CROSS AND BLUE SHIELD OF MINNESOTA** is a Minnesota nonprofit corporation conducting insurance business in Texas. BCBSM Inc. has headquarters in Minnesota and it is and was, at all times relevant to this Complaint, a corporate entity formed in the State of Minnesota. Pursuant to Texas Insurance Code § 804.106(b)(1), the Texas Secretary of State is this Defendant's irrevocable agent to accept service of process in this matter. Therefore, this Defendant may be served with process through the Texas Secretary of State at Service of Process, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701 on behalf of BCBSM Inc. dba Blue Cross and Blue Shield of Minnesota, C T Corporation System Inc., 1010 Dale St. N, Saint Paul, MN 55117, or alternatively to Defendant's corporate headquarters located at 3535 Blue Cross Rd., Eagan, MN 55122, or wherever it may be found.

14.    Defendant **BLUE CROSS & BLUE SHIELD OF MISSISSIPPI** is a Mutual Insurance Company conducting insurance business in Texas. Blue Cross & Blue Shield of Mississippi has headquarters in Mississippi and it is and was, at all times relevant to this Complaint, a corporate entity formed in the State of Mississippi. Pursuant to Texas Insurance Code § 804.106(b)(1), the Texas Secretary of State is this Defendant's irrevocable agent to accept service of process in this matter. Therefore, this Defendant may be served with process through the Texas Secretary of State at Service of Process, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701 on behalf of Blue Cross & Blue Shield of Mississippi, Cheri D Green, Registered

Agent, 3545 Lakeland Dr., Flowood, MS 39232, or alternatively to Defendant's corporate headquarters located at 3545 Lakeland Dr., Flowood, MS 39232, or wherever it may be found.

15.     Defendant **BLUE CROSS & BLUE SHIELD OF RHODE ISLAND** is a Rhode Island non-profit corporation conducting insurance business in Texas. Blue Cross & Blue Shield of Rhode Island has headquarters in Rhode Island and it is and was, at all times relevant to this Complaint, a corporate entity formed in the State of Rhode Island. Pursuant to Texas Insurance Code § 804.106(b)(1), the Texas Secretary of State is this Defendant's irrevocable agent to accept service of process in this matter. Therefore, this Defendant may be served with process through the Texas Secretary of State at Service of Process, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701 on behalf of Blue Cross & Blue Shield of Rhode Island, Michele B. Lederberg, 500 Exchange St., Providence, RI 02903, or alternatively to Defendant's corporate headquarters located at 500 Exchange St., Providence, RI 02903, or wherever it may be found.

16.     Defendant **BLUE CROSS & BLUE SHIELD OF WYOMING** is a Wyoming non-profit corporation conducting insurance business in Texas. Blue Cross & Blue Shield of Wyoming has headquarters in Wyoming and it is and was, at all times relevant to this Complaint, a corporate entity formed in the State of Wyoming. Pursuant to Texas Insurance Code § 804.106(b)(1), the Texas Secretary of State is this Defendant's irrevocable agent to accept service of process in this matter. Therefore, this Defendant may be served with process through the Texas Secretary of State at Service of Process, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701 on behalf of Blue Cross & Blue Shield of Wyoming, Hathaway & Kunz, LLP, 2515 Warren Ave., Ste. 500, PO Box 1208, Cheyenne, WY 82001, or alternatively to Defendant's corporate headquarters located at 4000 House Avenue, Cheyenne, WY 82001, or wherever it may be found.

17.    Defendant **BLUE CROSS AND BLUE SHIELD OF ALABAMA** is an Alabama non-profit corporation conducting insurance business in Texas. Blue Cross and Blue Shield of Alabama has headquarters in Alabama and it is and was, at all times relevant to this Complaint, a corporate entity formed in the State of Alabama. Pursuant to Texas Insurance Code § 804.106(b)(1), the Texas Secretary of State is this Defendant's irrevocable agent to accept service of process in this matter. Therefore, this Defendant may be served with process through the Texas Secretary of State at Service of Process, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701 on behalf of Blue Cross and Blue Shield of Alabama, Michael Lenard Patterson, 450 Riverchase Parkway East, Birmingham, AL 35244, or alternatively to Defendant's corporate headquarters located at 450 Riverchase Parkway East, Birmingham, AL 35244, or wherever it may be found.

18.    Defendant **BLUE CROSS AND BLUE SHIELD OF ARIZONA, INC.** is an Arizona non-profit corporation conducting insurance business in Texas. Blue Cross and Blue Shield of Arizona, Inc. has headquarters in Arizona and it is and was, at all times relevant to this Complaint, a corporate entity formed in the State of Arizona. Pursuant to Texas Insurance Code § 804.106(b)(1), the Texas Secretary of State is this Defendant's irrevocable agent to accept service of process in this matter. Therefore, this Defendant may be served with process through the Texas Secretary of State at Service of Process, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701 on behalf of Blue Cross and Blue Shield of Arizona, Inc., Dianna Salazar, 2444 W. Las Palmaritas Dr., Phoenix, Az 85021, or alternatively to Defendant's corporate headquarters located at 2444 W. Las Palmaritas Dr., Phoenix, Az 85021, or wherever it may be found.

19.    Defendant **BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC. DBA FLORIDA BLUE** is a Florida corporation conducting insurance business in Texas. Blue Cross and Blue Shield of Florida, Inc. has headquarters in Florida and it is and was, at all times relevant to this

Complaint, a corporate entity formed in the State of Florida. Pursuant to Texas Insurance Code §
804.106(b)(1), the Texas Secretary of State is this Defendant's irrevocable agent to accept service of
process in this matter. Therefore, this Defendant may be served with process through the Texas
Secretary of State at Service of Process, James E. Rudder Building, 1019 Brazos, Room 105, Austin,
Texas 78701 on behalf of Blue Cross and Blue Shield of Florida, Inc. dba Florida Blue, Chief
Financial Officer, 200 E. Gaines St., Tallahassee, FL 32399, or alternatively to Defendant's corporate
headquarters located at 4800 Deerwood Campus Pkwy DC 1-8, Jacksonville, FL 32246, or wherever
it may be found.

20.    Defendant **BLUE CROSS AND BLUE SHIELD OF KANSAS CITY** is a Missouri
nonprofit corporation conducting insurance business in Texas. Blue Cross and Blue Shield of
Kansas City has headquarters in Missouri and it is and was, at all times relevant to this Complaint,
a corporate entity formed in the State of Missouri. Pursuant to Texas Insurance Code §
804.106(b)(1), the Texas Secretary of State is this Defendant's irrevocable agent to accept service of
process in this matter. Therefore, this Defendant may be served with process through the Texas
Secretary of State at Service of Process, James E. Rudder Building, 1019 Brazos, Room 105, Austin,
Texas 78701 on behalf of Blue Cross and Blue Shield of Kansas City, Mark A. Newcomer, 2301
Main Street, Kansas City, MO 64108, or alternatively to Defendant's corporate headquarters located
at 2301 Main Street, Kansas City, MO 64108, or wherever it may be found.

21.    Defendant **BLUE CROSS AND BLUE SHIELD OF KANSAS, INC.** is a Kansas
insurance company conducting insurance business in Texas. Blue Cross and Blue Shield of Kansas,
Inc. has headquarters in Kansas and it is and was, at all times relevant to this Complaint, a corporate
entity formed in the State of Kansas. Pursuant to Texas Insurance Code § 804.106(b)(1), the Texas
Secretary of State is this Defendant's irrevocable agent to accept service of process in this matter.

Therefore, this Defendant may be served with process through the Texas Secretary of State at Service of Process, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701 on behalf of Blue Cross and Blue Shield of Kansas, Inc., Blue Cross and Blue Shield of Kansas, Inc., 1133 Topeka Ave., Topeka, KS 66609, or alternatively to Defendant's corporate headquarters located at 1133 Topeka Ave., Topeka, KS 66609, or wherever it may be found.

22.     Defendant **BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS, INC.** is a Massachusetts insurance company conducting insurance business in Texas. Blue Cross and Blue Shield of Massachusetts, Inc. has headquarters in Massachusetts and it is and was, at all times relevant to this Complaint, a corporate entity formed in the State of Massachusetts. Pursuant to Texas Insurance Code § 804.106(b)(1), the Texas Secretary of State is this Defendant's irrevocable agent to accept service of process in this matter. Therefore, this Defendant may be served with process through the Texas Secretary of State at Service of Process, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701 on behalf of Blue Cross and Blue Shield of Massachusetts, Inc., Corporation Services Company, 84 State St., Boston, MA 02109, or alternatively to Defendant's corporate headquarters located at 101 Huntington Ave., Ste. 1300, Boston, MA 02199, or wherever it may be found.

23.     Defendant **BLUE CROSS AND BLUE SHIELD OF NEBRASKA** is a Nebraska insurance company conducting insurance business in Texas. Blue Cross and Blue Shield of Nebraska, Inc. has headquarters in Nebraska and it is and was, at all times relevant to this Complaint, a corporate entity formed in the State of Nebraska. Defendant may be served through its Registered Agent, located in Texas, CT Corporation Blue Cross and Blue Shield of Nebraska, 1999 Bryan St., Ste. 900, Dallas, TX 75201, or alternatively to Defendant's corporate headquarters located at 1919 Aksarben Drive, Omaha, NE 68106, or wherever it may be found.

COMPLAINT – Page 14

24.    Defendant **BLUE CROSS AND BLUE SHIELD OF NORTH CAROLINA** is a North Carolina nonprofit corporation registered to provide insurance conducting insurance business in Texas. Blue Cross and Blue Shield of North Carolina has headquarters in North Carolina and it is and was, at all times relevant to this Complaint, a corporate entity formed in the State of North Carolina. Pursuant to Texas Insurance Code § 804.106(b)(1), the Texas Secretary of State is this Defendant's irrevocable agent to accept service of process in this matter. Therefore, this Defendant may be served with process through the Texas Secretary of State at Service of Process, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701 on behalf of Blue Cross and Blue Shield of North Carolina, Santiago M. Estrada, 4613 University Dr., Durham, NC 27707, or alternatively to Defendant's corporate headquarters located at 4613 University Dr., Durham, NC 27707, or wherever it may be found.

25.    Defendant **BLUE CROSS AND BLUE SHIELD OF SOUTH CAROLINA** is a South Carolina corporation conducting insurance business in Texas. Blue Cross and Blue Shield of South Carolina has headquarters in South Carolina and it is and was, at all times relevant to this Complaint, a corporate entity formed in the State of South Carolina. Pursuant to Texas Insurance Code § 804.106(b)(1), the Texas Secretary of State is this Defendant's irrevocable agent to accept service of process in this matter. Therefore, this Defendant may be served with process through the Texas Secretary of State at Service of Process, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701 on behalf of Blue Cross and Blue Shield of South Carolina, Duncan S. McIntosh, I-20 at Alpine Rd., AA-270, Columbia, SC 29219, or alternatively to Defendant's corporate headquarters located at 2501 Faraway Dr., Columbia, SC 29219, or wherever it may be found.

26.     Defendant **BLUE CROSS AND BLUE SHIELD OF VERMONT** is a Vermont non-profit corporation conducting insurance business in Texas. Blue Cross and Blue Shield of Vermont has headquarters in Vermont and it is and was, at all times relevant to this Complaint, a corporate entity formed in the State of Vermont. Pursuant to Texas Insurance Code § 804.106(b)(1), the Texas Secretary of State is this Defendant's irrevocable agent to accept service of process in this matter. Therefore, this Defendant may be served with process through the Texas Secretary of State at Service of Process, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701 on behalf of Blue Cross and Blue Shield of Vermont, Angelina Buzzi, 445 Industrial Ln, Berlin, VT 05602, or alternatively to Defendant's corporate headquarters located at 445 Industrial Ln, Berlin, VT 05602, or wherever it may be found.

27.     Defendant **BLUE CROSS BLUE SHIELD HEALTHCARE PLAN OF GEORGIA, INC. formerly known as BLUE CROSS AND BLUE SHIELD OF GEORGIA, INC.** is a Georgia corporation conducting insurance business in Texas. Blue Cross Blue Shield Healthcare Plan of Georgia, Inc. has headquarters in Georgia and it is and was, at all times relevant to this Complaint, a corporate entity formed in the State of Georgia. Pursuant to Texas Insurance Code § 804.106(b)(1), the Texas Secretary of State is this Defendant's irrevocable agent to accept service of process in this matter. Therefore, this Defendant may be served with process through the Texas Secretary of State at Service of Process, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701 on behalf of Blue Cross Blue Shield Healthcare Plan of Georgia, Inc. fka Blue Cross and Blue Shield of Georgia, Inc., C T Corporation System, 289 S. Culver St., Lawrenceville, GA 30046, or alternatively to Defendant's corporate headquarters located at 740 W. Peachtree St. NW, Atlanta, GA 30308, or wherever it may be found.

28.     Defendant **BLUE CROSS BLUE SHIELD OF MICHIGAN MUTUAL INSURANCE COMPANY** is a Michigan mutual insurance company conducting insurance business in Texas. Blue Cross Blue Shield of Michigan Mutual Insurance Company has headquarters in Michigan and it is and was, at all times relevant to this Complaint, a corporate entity formed in the State of Michigan. Pursuant to Texas Insurance Code § 804.106(b)(1), the Texas Secretary of State is this Defendant's irrevocable agent to accept service of process in this matter. Therefore, this Defendant may be served with process through the Texas Secretary of State at Service of Process, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701 on behalf of Blue Cross Blue Shield of Michigan Mutual Insurance Company, Laurine Symula Parmely, 600 East LaFayette Blvd., Mail Code 1929, Detroit, MI 48226, or alternatively to Defendant's corporate headquarters located at 600 East LaFayette Blvd., Mail Code 1929, Detroit, MI 48226, or wherever it may be found.

29.     Defendant **BLUE CROSS BLUE SHIELD OF NORTH DAKOTA** is a North Dakota insurance company conducting insurance business in Texas. Blue Cross Blue Shield of North Dakota has headquarters in North Dakota and it is and was, at all times relevant to this Complaint, a corporate entity formed in the State of North Dakota. Pursuant to Texas Insurance Code § 804.106(b)(1), the Texas Secretary of State is this Defendant's irrevocable agent to accept service of process in this matter. Therefore, this Defendant may be served with process through the Texas Secretary of State at Service of Process, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701 on behalf of Blue Cross Blue Shield of North Dakota, C T Corporation System, 120 W. Sweet Ave., Bismarck, ND 58504, or alternatively to Defendant's corporate headquarters located at 4510 13th Ave. S., Fargo, ND, 58121, or wherever it may be found.

30.     Defendant **BLUE CROSS BLUE SHIELD OF WISCONSIN** is a Wisconsin corporation conducting insurance business in Texas. Blue Cross Blue Shield of Wisconsin has headquarters in Wisconsin and it is and was, at all times relevant to this Complaint, a corporate entity formed in the State of Wisconsin. Pursuant to Texas Insurance Code § 804.106(b)(1), the Texas Secretary of State is this Defendant's irrevocable agent to accept service of process in this matter. Therefore, this Defendant may be served with process through the Texas Secretary of State at Service of Process, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701 on behalf of Blue Cross Blue Shield of Wisconsin, C T Corporation System, 301 S. Bedford St., Ste. 1, Madison, WI 53703, or alternatively to Defendant's corporate headquarters located at N17W24222 Riverwood Dr., Waukesha, WI 53188, or wherever it may be found.

31.     Defendant **BLUE CROSS OF IDAHO HEALTH SERVICE, INC.** is an Idaho mutual insurance company conducting insurance business in Texas. Blue Cross of Idaho Health Service, Inc. has headquarters in Idaho and it is and was, at all times relevant to this Complaint, a corporate entity formed in the State of Idaho. Pursuant to Texas Insurance Code § 804.106(b)(1), the Texas Secretary of State is this Defendant's irrevocable agent to accept service of process in this matter. Therefore, this Defendant may be served with process through the Texas Secretary of State at Service of Process, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701 on behalf of Blue Cross of Idaho Health Service, Inc., Corporation Service Company, 1305 12th Ave. Rd., Nampa, ID 83686, or alternatively to Defendant's corporate headquarters located at 3000 E. Pine Ave., Meridian, ID 83642, or wherever it may be found.

32.     Defendant **BLUECROSS BLUESHIELD OF TENNESSEE, INC.** is a Tennessee mutual benefit corporation conducting insurance business in Texas. BlueCross BlueShield of Tennessee, Inc. has headquarters in Tennessee and it is and was, at all times relevant to this

Complaint, a corporate entity formed in the State of Tennessee. Defendant may be served through its Registered Agent, located in Texas, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company BlueCross BlueShield of Tennessee, Inc., 211 E. 7th St., Ste 620, Austin, TX 78701, or alternatively to Defendant's corporate headquarters located at 1 Cameron Hill Circle, ATTN Joe Moser, Chattanooga, Tennessee 37402-2555, or wherever it may be found.

33. Defendant **CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA** is a California nonprofit mutual benefit corporation conducting insurance business in Texas. California Physicians' Service has headquarters in California and it is and was, at all times relevant to this Complaint, a corporate entity formed in the State of California. Pursuant to Texas Insurance Code § 804.106(b)(1), the Texas Secretary of State is this Defendant's irrevocable agent to accept service of process in this matter. Therefore, this Defendant may be served with process through the Texas Secretary of State at Service of Process, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701 on behalf of California Physicians' Service dba Blue Shield of California, Cogency Global, Inc., 1325 J St., Ste 1550, Sacramento, CA 95814, or alternatively to Defendant's corporate headquarters located at 601 12th St., Oakland, CA 94607, or wherever it may be found.

34. Defendant **CAPITAL BLUE CROSS** is a Pennsylvania non-profit corporation conducting insurance business in Texas. Capital Blue Cross has headquarters in Pennsylvania and it is and was, at all times relevant to this Complaint, a corporate entity formed in the State of Pennsylvania. Pursuant to Texas Insurance Code § 804.106(b)(1), the Texas Secretary of State is this Defendant's irrevocable agent to accept service of process in this matter. Therefore, this Defendant may be served with process through the Texas Secretary of State at Service of Process, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701 on behalf of Capital Blue Cross,,

or alternatively to Defendant's corporate headquarters located at PO Box 773238, Harrisburg, Pennsylvania 17177-0001, or wherever it may be found.

35.     Defendant **COMMUNITY INSURANCE COMPANY DBA ANTHEM BLUE CROSS AND BLUE SHIELD OHIO** is an Ohio corporation conducting insurance business in Texas. Community Insurance Company has headquarters in Ohio and it is and was, at all times relevant to this Complaint, a corporate entity formed in the State of Ohio. Pursuant to Texas Insurance Code § 804.106(b)(1), the Texas Secretary of State is this Defendant's irrevocable agent to accept service of process in this matter. Therefore, this Defendant may be served with process through the Texas Secretary of State at Service of Process, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701 on behalf of Community Insurance Company dba Anthem Blue Cross and Blue Shield Ohio, C T Corporation System, 4400 Easton Commons Way, Ste. 125, Columbus, OH 43219, or wherever it may be found.

36.     Defendant **EMPIRE HEALTHCHOICE, INC. DBA EMPIRE BLUE CROSS BLUE SHIELD** is a New York insurance company conducting insurance business in Texas. Empire HealthChoice, Inc. has headquarters in New York and it is and was, at all times relevant to this Complaint, a corporate entity formed in the State of New York. Pursuant to Texas Insurance Code § 804.106(b)(1), the Texas Secretary of State is this Defendant's irrevocable agent to accept service of process in this matter. Therefore, this Defendant may be served with process through the Texas Secretary of State at Service of Process, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701 on behalf of Empire HealthChoice, Inc. dba Empire Blue Cross Blue Shield, The Inc., Penn 1, 35th Floor, New York, NY 10119, or alternatively to Defendant's corporate headquarters located at Alan Murray, Chairman and CEO, 9 Pine St., 14th Floor, New York, NY 10005, or wherever it may be found.

37.     Defendant **EXCELLUS HEALTH PLAN, INC. DBA EXCELLUS BLUE CROSS BLUE SHIELD** is a New York not-for-profit corporation conducting insurance business in Texas. Excellus Health Plan, Inc. has headquarters in New York and it is and was, at all times relevant to this Complaint, a corporate entity formed in the State of New York. Pursuant to Texas Insurance Code § 804.106(b)(1), the Texas Secretary of State is this Defendant's irrevocable agent to accept service of process in this matter. Therefore, this Defendant may be served with process through the Texas Secretary of State at Service of Process, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701 on behalf of Excellus Health Plan, Inc. dba Excellus Blue Cross Blue Shield, Excellus Health Plan, Inc., c/o Agent for Process, 165 Court St., Rochester, NY 14647, or alternatively to Defendant's corporate headquarters located at c/o James R. Reed, CEO, 165 Court St., Rochester, NY 14647, or wherever it may be found.

38.     Defendant **GROUP HOSPITALIZATION AND MEDICAL SERVICES INC. DBA CAREFIRST BLUECROSS BLUESHIELD** is a District of Columbia corporation conducting insurance business in Texas. Group Hospitalization and Medical Services Inc. has headquarters in District of Columbia and it is and was, at all times relevant to this Complaint, a corporate entity formed in the State of District of Columbia. Pursuant to Texas Insurance Code § 804.106(b)(1), the Texas Secretary of State is this Defendant's irrevocable agent to accept service of process in this matter. Therefore, this Defendant may be served with process through the Texas Secretary of State at Service of Process, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701 on behalf of Group Hospitalization and Medical Services Inc. dba CareFirst BlueCross BlueShield, C T Corporation System, 1015 15th St. NW, Ste. 1000, Washington, DC 20005, or alternatively to Defendant's corporate headquarters located at 840 1st St. NE, Washington, DC 20065, or wherever it may be found.

39.     Defendant **HAWAII MEDICAL SERVICES CORPORATION DBA HAWAII MEDICAL SERVICES ASSOCIATION and operating under the name of BLUE CROSS AND BLUE SHIELD OF HAWAII** is a Hawaii corporation conducting insurance business in Texas. Hawaii Medical Services Corporation has headquarters in Hawaii and it is and was, at all times relevant to this Complaint, a corporate entity formed in the State of Hawaii. Pursuant to Texas Insurance Code § 804.106(b)(1), the Texas Secretary of State is this Defendant's irrevocable agent to accept service of process in this matter. Therefore, this Defendant may be served with process through the Texas Secretary of State at Service of Process, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701 on behalf of Hawaii Medical Services Corporation dba Hawaii Medical Services Association and operating under the name of Blue Cross and Blue Shield of Hawaii, KDL CPAS LLC, 745 Fort Street, Ste. 1415, Honolulu, HI 96813, or alternatively to Defendant's corporate headquarters located at 1388 Ala Moana Blvd, #1404, Honolulu, HI 96814, or wherever it may be found.

40.     Defendant **HIGHMARK BCBSD INC. DBA HIGHMARK BLUE CROSS BLUE SHIELD DELAWARE** is a Delaware corporation conducting insurance business in Texas. Highmark BCBSD Inc. has headquarters in Delaware and it is and was, at all times relevant to this Complaint, a corporate entity formed in the State of Delaware. Pursuant to Texas Insurance Code § 804.106(b)(1), the Texas Secretary of State is this Defendant's irrevocable agent to accept service of process in this matter. Therefore, this Defendant may be served with process through the Texas Secretary of State at Service of Process, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701 on behalf of Highmark BCBSD Inc. dba Highmark Blue Cross Blue Shield Delaware, Nicholas Moriello, President/CEO, 800 Delaware Ave., Wilmington, DE 19801, or alternatively to

Defendant's corporate headquarters located at 800 Delaware Avenue, Wilmington, DE 19801, or wherever it may be found.

41.      Defendant **HIGHMARK INC. DBA HIGHMARK BLUE SHIELD and DBA HIGHMARK BLUE CROSS BLUE SHIELD** is conducting insurance business in Texas. Highmark Inc. has headquarters in Pennsylvania and it is and was, at all times relevant to this Complaint, a corporate entity formed in the State of Pennsylvania. Pursuant to Texas Insurance Code § 804.106(b)(1), the Texas Secretary of State is this Defendant's irrevocable agent to accept service of process in this matter. Therefore, this Defendant may be served with process through the Texas Secretary of State at Service of Process, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701 on behalf of Highmark Inc. dba Highmark Blue Shield and dba Highmark Blue Cross Blue Shield, Registered Agent, 1800 Center St., Camp Hill, PA 17011, or alternatively to Defendant's corporate headquarters located at 1800 Center St., Camp Hill, PA 17011, or wherever it may be found.

42.      Defendant **HIGHMARK INC. DBA HIGHMARK BLUE SHIELD and DBA HIGHMARK BLUE CROSS BLUE SHIELD** is conducting insurance business in Texas. Highmark Inc. has headquarters in Pennsylvania and it is and was, at all times relevant to this Complaint, a corporate entity formed in the State of Pennsylvania. Pursuant to Texas Insurance Code § 804.106(b)(1), the Texas Secretary of State is this Defendant's irrevocable agent to accept service of process in this matter. Therefore, this Defendant may be served with process through the Texas Secretary of State at Service of Process, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701 on behalf of Highmark Inc. dba Highmark Blue Shield and dba Highmark Blue Cross Blue Shield, Registered Agent, 1800 Center St., Camp Hill, PA 17011, or alternatively

to Defendant's corporate headquarters located at 1800 Center St., Camp Hill, PA 17011, or wherever it may be found.

43.    Defendant **HIGHMARK WEST VIRGINIA, INC. DBA HIGHMARK BLUE CROSS BLUE SHIELD WEST VIRGINIA** is a West Virginia corporation conducting insurance business in Texas. Highmark West Virginia, Inc. has headquarters in West Virginia and it is and was, at all times relevant to this Complaint, a corporate entity formed in the State of West Virginia. Pursuant to Texas Insurance Code § 804.106(b)(1), the Texas Secretary of State is this Defendant's irrevocable agent to accept service of process in this matter. Therefore, this Defendant may be served with process through the Texas Secretary of State at Service of Process, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701 on behalf of Highmark West Virginia, Inc. dba Highmark Blue Cross Blue Shield West Virginia, J. Fred Earley, II, President, PO Box 1948, Parkersburg, WV 26101, or alternatively to Defendant's corporate headquarters located at Highmark West Virginia, Inc. DBA Highmark Blue Shield West Virginia, 614 Market Street, Parkersburg, WV 26102, or wherever it may be found.

44.    Defendant **HIGHMARK WESTERN AND NORTHEASTERN NEW YORK INC. DBA HIGHMARK BLUE SHIELD OF NORTHEASTERN NEW YORK and DBA HIGHMARK BLUE SHIELD OF WESTERN NEW YORK** is conducting insurance business in Texas. Highmark Western and Northeastern New York Inc. has headquarters in New York and it is and was, at all times relevant to this Complaint, a corporate entity formed in the State of New York. Pursuant to Texas Insurance Code § 804.106(b)(1), the Texas Secretary of State is this Defendant's irrevocable agent to accept service of process in this matter. Therefore, this Defendant may be served with process through the Texas Secretary of State at Service of Process, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701 on behalf of Highmark Western and Northeastern

New York Inc. dba Highmark Blue Shield of Northeastern New York and dba Highmark Blue Shield of Western New York, C T Corporation System, 28 Liberty St., New York, NY 10005, or alternatively to Defendant's corporate headquarters located at 257 West Genessee Street, Buffalo, NY 14202, or wherever it may be found.

45.     Defendant **HORIZON HEALTHCARE SERVICES, INC. DBA HORIZON BLUE CROSS AND BLUE SHIELD OF NEW JERSEY** is a New Jersey corporation conducting insurance business in Texas. Horizon Healthcare Services, Inc. has headquarters in New Jersey and it is and was, at all times relevant to this Complaint, a corporate entity formed in the State of New Jersey. Pursuant to Texas Insurance Code § 804.106(b)(1), the Texas Secretary of State is this Defendant's irrevocable agent to accept service of process in this matter. Therefore, this Defendant may be served with process through the Texas Secretary of State at Service of Process, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701 on behalf of Horizon Healthcare Services, Inc. dba Horizon Blue Cross and Blue Shield of New Jersey, Thomas Calvocoressi, Three Penn Plaza East, Newark, NJ 07105, or alternatively to Defendant's corporate headquarters located at Three Penn Plaza East, Newark, NJ 07105, or wherever it may be found.

46.     Defendant **INDEPENDENCE BLUE CROSS, LLC** is a Pennsylvania limited liability company conducting insurance business in Texas. Independence Blue Cross, LLC has headquarters in Pennsylvania and it is and was, at all times relevant to this Complaint, a corporate entity formed in the State of Pennsylvania. Defendant may be served through its Registered Agent, located in Texas, C T Corporation System Independence Blue Cross, LLC, 1999 Bryan St., Ste. 900, Dallas, TX 75201, or alternatively to Defendant's corporate headquarters located at 1901 Market St., Philadelphia, PA 19103, or wherever it may be found.

47.     Defendant **LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY DBA BLUE CROSS/BLUE SHIELD OF LOUISIANA** is a Louisiana registered insurance company conducting insurance business in Texas. Louisiana Health Service & Indemnity Company has headquarters in Louisiana and it is and was, at all times relevant to this Complaint, a corporate entity formed in the State of Louisiana. Pursuant to Texas Insurance Code § 804.106(b)(1), the Texas Secretary of State is this Defendant's irrevocable agent to accept service of process in this matter. Therefore, this Defendant may be served with process through the Texas Secretary of State at Service of Process, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701 on behalf of Louisiana Health Service & Indemnity Company dba Blue Cross/Blue Shield of Louisiana, Louis Patalano IV, 5525 Reitz Ave., Baton Rouge, LA 70809, or alternatively to Defendant's corporate headquarters located at 5525 Reitz Ave., Baton Rouge, LA 70809, or wherever it may be found.

48.     Defendant **PREMERA BLUE CROSS** is a Washington miscellaneous and mutual corporation conducting insurance business in Texas. Premera Blue Cross has headquarters in Washington and it is and was, at all times relevant to this Complaint, a corporate entity formed in the State of Washington. Pursuant to Texas Insurance Code § 804.106(b)(1), the Texas Secretary of State is this Defendant's irrevocable agent to accept service of process in this matter. Therefore, this Defendant may be served with process through the Texas Secretary of State at Service of Process, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701 on behalf of Premera Blue Cross, C T Corporation System, 711 Capitol Way S., Ste. 204, Olympia, WA 98501, or alternatively to Defendant's corporate headquarters located at 7001 220th St. SW, MS 316, Mountlake Terrace, WA 98043, or wherever it may be found.

49.     Defendant **PREMERA BLUE CROSS AND BLUE SHIELD OF ALASKA CORPORATION** is an Alaska corporation conducting insurance business in Texas. Premera Blue Cross and Blue Shield of Alaska Corporation has headquarters in Alaska and it is and was, at all times relevant to this Complaint, a corporate entity formed in the State of Alaska. Pursuant to Texas Insurance Code § 804.106(b)(1), the Texas Secretary of State is this Defendant's irrevocable agent to accept service of process in this matter. Therefore, this Defendant may be served with process through the Texas Secretary of State at Service of Process, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701 on behalf of Premera Blue Cross and Blue Shield of Alaska Corporation, Woltrout Lehmann, Manager, PO Box 327 MS316, Seattle, WA 98111, or alternatively to Defendant's corporate headquarters located at PO Box 327 MS316, Seattle, WA 98111, or wherever it may be found.

50.     Defendant **REGENCE BLUECROSS BLUESHIELD OF OREGON** is an Oregon corporation conducting insurance business in Texas. Regence Bluecross Blueshield of Oregon has headquarters in Oregon and it is and was, at all times relevant to this Complaint, a corporate entity formed in the State of Oregon. Pursuant to Texas Insurance Code § 804.106(b)(1), the Texas Secretary of State is this Defendant's irrevocable agent to accept service of process in this matter. Therefore, this Defendant may be served with process through the Texas Secretary of State at Service of Process, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701 on behalf of Regence Bluecross Blueshield of Oregon, Corporation Service Company, 1127 Broadway St. NE, Ste. 310, Salem, OR 97301, or alternatively to Defendant's corporate headquarters located at 100 SW Market St., Portland, OR 97201, or wherever it may be found.

51.     Defendant **REGENCE BLUECROSS BLUESHIELD OF UTAH** is a Utah nonprofit corporation conducting insurance business in Texas. Regence BlueCross BlueShield of

Utah has headquarters in Utah and it is and was, at all times relevant to this Complaint, a corporate entity formed in the State of Utah. Pursuant to Texas Insurance Code § 804.106(b)(1), the Texas Secretary of State is this Defendant's irrevocable agent to accept service of process in this matter. Therefore, this Defendant may be served with process through the Texas Secretary of State at Service of Process, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701 on behalf of Regence BlueCross BlueShield of Utah, Corporation Service Company, 15 West South Temple, Ste. 600, Salt Lake City, UT 84101, or alternatively to Defendant's corporate headquarters located at 2890 E. Cottonwood Pkwy, Salt Lake City, UT 84121, or wherever it may be found.

52.    Defendant **REGENCE BLUESHIELD** is a Washington miscellaneous and mutual corporation conducting insurance business in Texas. Regence BlueShield has headquarters in Washington and it is and was, at all times relevant to this Complaint, a corporate entity formed in the State of Washington. Pursuant to Texas Insurance Code § 804.106(b)(1), the Texas Secretary of State is this Defendant's irrevocable agent to accept service of process in this matter. Therefore, this Defendant may be served with process through the Texas Secretary of State at Service of Process, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701 on behalf of Regence BlueShield, Corporation Service Company, 300 Deschutes Way SW, Ste. 208, MC-CSC1, Tumwater, WA 98501, or alternatively to Defendant's corporate headquarters located at 1800 Ninth Ave., Seattle, WA 98101, or wherever it may be found.

53.    Defendant **REGENCE BLUESHIELD OF IDAHO, INC.** is an Idaho mutual insurance corporation conducting insurance business in Texas. Regence BlueShield of Idaho, Inc. has headquarters in Idaho and it is and was, at all times relevant to this Complaint, a corporate entity formed in the State of Idaho. Pursuant to Texas Insurance Code § 804.106(b)(1), the Texas Secretary of State is this Defendant's irrevocable agent to accept service of process in this matter.

Therefore, this Defendant may be served with process through the Texas Secretary of State at Service of Process, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701 on behalf of Regence BlueShield of Idaho, Inc., Corporation Service Company, 12550 W Explorer Dr., Ste 100, Boise, ID 83713, or alternatively to Defendant's corporate headquarters located at 1602 21st Ave., Lewiston, ID 83501, or wherever it may be found.

54.    Defendant **RIGHTCHOICE® MANAGED CARE, INC. DBA ANTHEM BLUE CROSS AND BLUE SHIELD** is a Delaware corporation conducting insurance business in Texas. RightCHOICE® Managed Care, Inc. has headquarters in Delaware and it is and was, at all times relevant to this Complaint, a corporate entity formed in the State of Delaware. Pursuant to Texas Insurance Code § 804.106(b)(1), the Texas Secretary of State is this Defendant's irrevocable agent to accept service of process in this matter. Therefore, this Defendant may be served with process through the Texas Secretary of State at Service of Process, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701 on behalf of RightCHOICE® Managed Care, Inc. dba Anthem Blue Cross and Blue Shield, C T Corporation System, 120 S. Central Ave., Clayton, MO 63105, or alternatively to Defendant's corporate headquarters located at 1831 Chestnut St., Saint Louis, MO 63013, or wherever it may be found.

55.    Defendant **ROCKY MOUNTAIN HOSPITAL AND MEDICAL SERVICE, INC. formerly known as ANTHEM BLUE CROSS AND BLUE SHIELD OF COLORADO and also operating under the name of ANTHEM BLUE CROSS AND BLUE SHIELD OF NEVADA** is a Colorado corporation and registered insurance company in the States of Colorado and Nevada conducting insurance business in Texas. Rocky Mountain Hospital and Medical Service, Inc. has headquarters in Colorado and it is and was, at all times relevant to this Complaint, a corporate entity formed in the State of Colorado. Pursuant to Texas Insurance Code § 804.106(b)(1), the Texas

Secretary of State is this Defendant's irrevocable agent to accept service of process in this matter. Therefore, this Defendant may be served with process through the Texas Secretary of State at Service of Process, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701 on behalf of Rocky Mountain Hospital and Medical Service, Inc. fka Anthem Blue Cross and Blue Shield of Colorado and also operating under the name of Anthem Blue Cross and Blue Shield of Nevada, CT Corporation System, 7700 E. Arapahoe Rd., Suite 220, Centennial, CO 80112-1268, or alternatively to Defendant's corporate headquarters located at 700 Broadway, Denver, CO 80203, or wherever it may be found.

56.     Defendant **TRIPLE-S SALUD, INC. DBA BLUECROSS BLUESHIELD OF PUERTO RICO** is a Puerto Rico corporation conducting insurance business in Texas. Triple-S Salud, Inc. has headquarters in Puerto Rico and it is and was, at all times relevant to this Complaint, a corporate entity formed in the State of Puerto Rico. Pursuant to Texas Insurance Code **§** 804.106(b)(1), the Texas Secretary of State is this Defendant's irrevocable agent to accept service of process in this matter. Therefore, this Defendant may be served with process through the Texas Secretary of State at Service of Process, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701 on behalf of Triple-S Salud, Inc. dba BlueCross BlueShield of Puerto Rico, c/o Triple-S Management Corporation, 1441 F.D. Roosevelt Ave., San Juan, PR 00920, or alternatively to Defendant's corporate headquarters located at 1441 F.D. Roosevelt Ave., San Juan, PR 00920; or PO Box 363628, San Juan, PR 00936, or wherever it may be found.

57.     Defendant **USABLE MUTUAL INSURANCE COMPANY DBA ARKANSAS BLUE CROSS AND BLUE SHIELD** is a Mutual Insurance Company conducting insurance business in Texas. USAble Mutual Insurance Company has headquarters in Arkansas and it is and was, at all times relevant to this Complaint, a corporate entity formed in the State of Arkansas.

Pursuant to Texas Insurance Code § 804.106(b)(1), the Texas Secretary of State is this Defendant's irrevocable agent to accept service of process in this matter. Therefore, this Defendant may be served with process through the Texas Secretary of State at Service of Process, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701 on behalf of USAble Mutual Insurance Company dba Arkansas Blue Cross and Blue Shield, Timothy G. Gauger, Agent for Service, 601 S. Gaines St., 8th Fl, Little Rock, AR 72201, or alternatively to Defendant's corporate headquarters located at 601 Gaines St, PO Box 2181, Little Rock, AR 72203, or wherever it may be found.

58.    Defendant **WELLMARK, INC. DBA WELLMARK BLUE CROSS AND BLUE SHIELD** is an Iowa corporation conducting insurance business in Texas. Wellmark, Inc. has headquarters in Iowa and it is and was, at all times relevant to this Complaint, a corporate entity formed in the State of Iowa. Pursuant to Texas Insurance Code § 804.106(b)(1), the Texas Secretary of State is this Defendant's irrevocable agent to accept service of process in this matter. Therefore, this Defendant may be served with process through the Texas Secretary of State at Service of Process, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701 on behalf of Wellmark, Inc. dba Wellmark Blue Cross and Blue Shield, C T Corporation System, 400 E. Court Ave. Des Moines, IA 50309, or alternatively to Defendant's corporate headquarters located at 1331 Grand Ave., Des Moines, IA 50309, or wherever it may be found.

<u>JURISDICTION AND VENUE</u>

59.    There is complete diversity of citizenship between all Plaintiffs and all Defendants in this case. The amount in dispute in this action, exclusive of interest and costs, exceeds the sum of $75,000. Therefore, this Court has jurisdiction over this dispute under 28 U.S.C. § 1332.

60.    This Court has personal jurisdiction over each Defendant because each Defendant is domiciled in a state other than Texas but has subjected itself to Texas jurisdiction by doing business in Texas.

61.    Venue in this district is proper under 28 U.S.C. § 1391(b)(2) because a substantial portion of the events or omissions giving rise to the claims occurred in this district.

## FACTS

62.    Plaintiff de Moor conceived of the concept behind Code 3 – free standing, well-equipped and reasonably priced emergency rooms – over several years as she worked in and later directed the emergency departments of small and large hospitals in both rural and urban communities. Recognizing the need for better access to emergency health care and the benefits improved access could provide, she began start up efforts for Code 3 in earnest during 2014, beginning operations in May 2015.

63.    The national Blue Cross Blue Shield Association ("BCBSA") is comprised of 34 separate but interrelated independent companies and licensees. For example, Anthem was a member company of BCBSA and provided health insurance policies in California, Colorado, Connecticut, Indiana, Kentucky, Maine, Nevada, New Hampshire, Ohio, Virginia and Wisconsin.

64.    Health Care Service Corporation ("HCSC") is also a BCBSA constituent company. HCSC is the parent company of Blue Cross Blue Shield of Texas ("BCBSTX"). Like other BCBSA constituent companies, it is a direct insurer and each of its subsidiary entities, such as BCBSTX, administers a variety of BCBS health insurance plans available to both employers and individuals. However, HCSC has also developed a revenue stream by acting as a claims processor for other insurers. In that capacity, it receives claims and forwards them to the patient's carrier for payment determinations, then disburses funds as that carrier directs. The final decision regarding whether

and what amount to pay – the adjudication – rests with the plan administrator (the insurance company offering the plan).

65.    HCSC also acts as the claims processor for non-ERISA plans.[3]  These plans hire HCSC to perform claims review, analysis, and adjudication (based on the plans benefits, policies, and procedures).

66.    Unfortunately for Dr. de Moor, as Code 3 began operations in May 2015 the BCBS Defendants began a concerted effort to rid the marketplace of FSERs, or at least closely curtail the FSERs' ability to receive compensation for the services they provided. FSERs, which often were not "in network,"[4] had the potential to be a fast-growing (and because they were out of network, therefore uncontrollable) cost center for insurers if their use were not restricted. To that end, the BCBS Defendants employed a variety of tactics, including steering their Members to facilities other than FSERs, delaying payments, requesting additional information before they would evaluate a claim, and ultimately, simply underpaying claims.  Insurers combined these actions into an effective payment bottleneck for all but a few, favored FSERs. At the same time, the insurers created existential problems for non-favored FSERs by paying fractions of those FSERs' charges, leaving the policyholder with responsibility for the unpaid balance of the FSERs' bill.

67.    The health insurance industry is highly regulated at both the state and federal levels. Since 1986, an emergency room – whether attached to a hospital or an FSER and provided it accepts funding from the Centers for Medicare and Medicaid Services – is obligated by the Emergency Medicine Treatment and Active Labor Act ("EMTALA") to give a medical screening examination to

---

[3] A non-ERISA plan is usually government, public education or church related.

[4] This Complaint addresses in paragraphs 73, 76 and 77 the methods by which federal and state law require insurers to calculate emergency room reimbursements.

anyone presenting at the facility seeking emergency medical treatment. The patient must be stabilized before the initial hospital can initiate a transfer to another hospital, and for patients with serious or life-threatening issues, the emergency room must provide sufficient treatment to avoid future in-patient care.

68.     For insurance companies, EMTALA created a potentially vast liability. Emergency rooms charge separate fees for use of the facility (the "Facility Fee") and for the services they provide ("Professional Fees"). Left unchecked in the hands of unethical providers, emergency care easily could adversely impact an insurer's profitability, because the insurer was (and is) legally obligated to pay for whatever the provider deems necessary emergent care. Yet at the same time EMTALA created liability for insurers, it also created liability for emergency rooms because they were required to treat everyone presenting for service, without regard for whether they were insured.  For emergency rooms, the concern was that uninsured patients would become uncompensated care.  The prospect and reality of uncompensated care made critical for the survival of an FSER either in-network contracts (at guaranteed rates) or out of network payments made at the "usual, customary and reasonable" ("UCR") rates.

69.     Thus, in an environment and circumstance between provider and payer that required trust and confidence, mutual desire for profitability injected mistrust and uncertainty.  Both sides began developing strategies and weapons to deploy in what both expected would be a battle that would shape the future of health care availability.

70.     Unsurprisingly, after Congress enacted EMTALA, insurers seeing a potential for unethical providers to abuse it began to find ways to limit its economic impact. One method was the retrospective review of emergency claims followed by denial of coverage if provider encounters ultimately proved to be non- emergent. In other words, insurers would base reimbursement on the

patient's final diagnosis rather than on presenting symptoms. For example, insurers would pay for an authentic heart attack but not for identical symptoms that proved to be indigestion. Because this retrospective review served to discourage timely medical intervention and the purpose of EMTALA was, in part, the extension of medical care where and when people previously had eschewed it, in 1997 Congress adopted the Prudent Layperson Standard, applying it to EMTALA and later, the Affirmative Care Act. The Prudent Layperson Standard defines an emergency medical condition as:

> "a condition manifesting itself by acute symptoms of sufficient severity (including severe pain) such that a prudent layperson, who possesses an average knowledge of health and medicine, could reasonably expect the absence of immediate medical attention to result in: a) placing the patient's health in serious jeopardy; b) serious impairment to bodily functions; or c) serious dysfunction of any bodily organ or part."

71.    To file a claim properly, all insurers require policyholders to demonstrate the service they received is a "covered benefit" and that it was "medically necessary," both terms defined in the individual policies. Each insurer also requires a properly completed claim form, including proper diagnostic and treatment CPT codes. Because of the complexity of these forms, it is customary for medical care providers to accept an assignment of benefits from patients and submit all claim information directly to the insurer. In that manner, they can ensure the initial claim contains correct information and the insurer and provider can clarify any additional detail issues directly.  In this way, payment from the insurer goes directly to the provider and the patient receives a much smaller invoice for the balance of whatever amount remains after the insurer contributes its portion of the payment. Code 3 submitted claims to insurers for its patients in this manner.

72.    Code 3 facilities had negotiated in-network contract rates with Aetna, Cigna and Multiplan.  Code 3 physicians had negotiated in-network contract rates with those three insurers, and with United Healthcare.

73.    For insurers that did not contract with Code 3 as an in-network provider, federal and Texas law still required the insurer to reimburse Code 3 for emergency services rendered to a policyholder at a level at least equal to that the insurer pays for in-network coverage, or UCR rates, depending on the type of health plan purchased by the Member.  Both employer-based plans (that is, group health plans governed by ERISA, the Employee Retirement Income Security Act of 1974), and ERISA-exempt plans governed by Texas law, provide statutory limitations on the costs that a patient must pay for seeking emergency treatment at an out-of-network emergency facility, including a freestanding emergency room like Code 3.  29 U.S.C. § 1001 *et seq;* Tex. Ins. Code Ann. §§ 1271.001 *et seq.* (statutes governing health maintenance organizations ("HMO")); 28 Tex. Admin. Code §§ 11.1 *et seq.* (regulations governing HMOs); Tex. Ins. Code. Ann. §§ 1301.001 *et seq.* (statutes governing preferred provider organizations ("PPO") and exclusive provider organizations ("EPO")); 28 Tex. Admin. Code §§ 3.3701 *et seq.* (regulations governing PPOs and EPOs).

74.    A significant number of patients who sought urgent treatment from Code 3 obtained health insurance coverage from BCBSA-affiliated companies.  Patients who lived in other states and had insurance through a BCBS entity were members ("Members") whose claims, once the provider submitted them for payment, went to HCSC for processing. From HCSC, those claims went to the original plan for adjudication and then back to HCSC for claim payment.  HCSC received reimbursement from the originating healthcare plan later.

75.    For each of the named defendants, HCSC acted as the claims processor, exercising no discretion in processing those claims.

76.    ERISA requires non-grandfathered ERISA plans to cover "essential health benefits," which the Patient Protection and Affordable Care Act ("ACA") defines to include "emergency

services" and "hospitalization." 42 U.S.C. §§ 18022(a), (b)(1). The ACA further stipulates that any cost-sharing imposed under a non-grandfathered group health plan must not exceed certain statutory limitations. 42 U.S.C. § 18022(c)(1). ACA regulations specify that for a plan to satisfy these cost-sharing obligations, it must provide benefits for out-of-network emergency services in the amount equal to the greatest of the following three possible amounts:

- the median amounts negotiated with in-network providers for the emergency service furnished, excluding any in-network copayment or coinsurance imposed with respect to the participant or beneficiary;

- the amount for the emergency service calculated using the same method the plan generally uses to determine payments for out-of-network services (such as the usual, customary, and reasonable amount), excluding any in-network copayment or coinsurance imposed with respect to the participant or beneficiary; or

- the amount that would be paid under Medicare, excluding any in-network copayment or coinsurance imposed with respect to the participant or beneficiary.

See 29 C.F.R. § 2590.715-2719A(B)(3)(a)-(c) (the "Rule of Three").

77.    For ERISA exempt plans, Texas requires plans to reimburse out-of-network providers at UCR or a rate agreed to by the HMO or insurer (for PPO and EPO plans) and the out-of-network provider. 28 Tex. Admin. Code §§11.1611(b), (e), 3.3725(a); Tex. Ins. Code Ann. §§1271.155(a), 1301.0053; 1301.155(b). Like the ERISA cost-sharing limitations imposed by the ACA's Rule of Three reimbursement requirements, ERISA-exempt plans must also ensure that the insured is held harmless for any amounts beyond the copayment, deductible, and coinsurance percentage that the insured would have paid had the insured received services from a preferred, in-network provider. See 28 Tex. Admin. Code. §§11.1611(d) and 3.3725(d).

78.    The federal and state laws applicable to reimbursement rates for emergency services are unambiguous and not subject to differences in interpretation. Despite this clarity, each of the

named Defendants received, reviewed, and adjudicated claims from Code 3 in a manner designed to circumvent laws and procedures relevant to paying emergency services claims. For example, the Defendant insurers (the plan administrators) might report to Code 3 and the Member that they were "allowing" the Code 3-submitted service rates. In reality, although the Defendant insurance companies *allowed* the rate Code 3 charged, they actually *paid* a much lower amount, leaving the balance for the Member or policyholder to pay. The amount Code 3 received was unrelated to UCR rates, was not the rate the insurer paid to in-network providers and was not a recognized or legitimate method of calculating payment rates.

79.    Similarly, Defendant insurers regularly failed to pay Code 3 Facility Fees or failed to pay Facility Fees in amounts described by applicable state or federal statutes.

80.    This practice of underpaying a claim and leaving the remainder for the Member or policyholder to pay is known as "balance billing" and left the Member responsible for a disproportionately large balance of Code 3 charges. In practice, many patients never paid, and Code 3 was forced to negotiate reduced rates or payment plans with others. Responding to constituent ire over what appeared to be FSER greed rather than insurance company machinations, the Texas Legislature prohibited freestanding emergency rooms from balance billing at all.

81.    Code 3 appealed the insurance companies' insufficient payments. In September of 2019, Dr. de Moor resigned from Code 3 because of a dispute with Code 3's primary investor. As a result of that dispute, Code 3 Emergency Physicians, P.A. became the sole owner of the outstanding claims against insurers that are the subject of this Complaint. Dr. de Moor is the sole owner of Code 3 Emergency Physicians, P.A.

82.     As a result of Defendants' unlawful actions, Code 3 ceased operations in May 2020. The claim determinations that are the subject of this Complaint, at that time requiring or in the process of reconsideration or appeal, became final.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

83.     The Plaintiffs reallege and incorporate by reference their allegations in Paragraphs 4 through 35.

84.     From May 1, 2015 through April 20, 2020 Plaintiff de Moor owned and operated Code 3 Emergency Partners, LLC,[5] a business that eventually came to be six freestanding emergency rooms. At all times relevant to the events in this Complaint, Defendants provided health insurance plans for consumer purchase. Those plans covered their Members or policyholders according to the terms outlined in the individual company's Benefit Handbook.

85.     Defendants' health insurance plans are contractually binding commercial relationships. In exchange for regular monthly premium payments, Defendants provided the coverage described in the Member's Benefits Handbook.

86.     Unless the circumstances were life-threatening, Code 3 patients completed an assignment of rights as part of the intake process at the facility. Members or policyholders have assigned to Code 3 all of the claims that are part of this Complaint.

87.     The assignment of rights gave Code 3 the Member's or policyholder's rights with respect to the underlying claim to insurance reimbursement for the costs of diagnosing, stabilizing, and treating (when appropriate) the complaint that caused the Member or policyholder to seek

---

[5] To finance growth, Code 3 Emergency Partners, LLC accepted a cash infusion from Morgan Stanley, giving the equity company a sizable portion of LLC ownership in exchange.

treatment at Code 3. A true and correct copy of the assignment is attached to and made a part of this Complaint as Exhibit A.

88.    As part of Code 3's intake and triage process, Code 3 employees verified with Defendants or their proxies, the insurance status and benefits available for patients, using the information the Defendants or their proxies provided to help control, when possible, both the overall costs of the encounter and the out-of-pocket costs to the Member or policyholder.

89.    The assignment of rights, attached as Exhibit A, gave Code 3 the right to file a payment claim and to pursue all administrative and legal remedies to ensure the amount the insurer paid was correct.

90.    Plaintiffs duly provided medical care to Defendants' Members or policyholders and verified the policies were active prior to providing the services. Plaintiffs properly submitted payment claims for those services and have met all their obligations and duties under the contract.

91.    Defendants have breached the contract by refusing to pay Plaintiffs a sum, including Professional Fees and Facility Fees, properly calculated by state or federal law and submitted to them for payment, despite accepting and using their Members' or policyholders' policy premiums, and despite accepting on behalf of their Members or policyholders those services Plaintiffs provided.

92.    On May 20, 2019, Plaintiffs demanded that Defendants fulfill their obligations under the contract, but Defendants refused.

93.    As a result of Defendants' breach of contract, Plaintiff has been damaged in an amount to be determined by the court, but no less than $75,000.

## SECOND CLAIM FOR RELIEF IN THE ALTERNATIVE
### (Quantum Meruit)

94.    Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 4 through 46 above, as if fully set forth herein.

95.    In the alternative to Plaintiffs' First Claim for Relief, Plaintiffs allege there is no contract between Plaintiffs and Defendants that covers the services provided by Plaintiffs and accepted and used by Defendants' Members and/or policyholders.

96.    Plaintiffs allege in the alternative to their breach of contract claim that Plaintiffs are entitled to recover in quantum meruit if this Court determines that a valid and enforceable contract does not exist, and that Plaintiffs performed services that were outside of those contemplated by any existing contract.

97.    From January 1, 2015 through April 20, 2020 Plaintiffs provided valuable services to Defendants.

98.    These services included providing emergency medical diagnosis and treatment to Defendants' policyholders.

99.    The services that Plaintiffs provided to Defendants' insureds were intended and undertaken for Defendants, and Defendants benefitted from those services. Defendants had an affirmative contractual obligation to its individual Members or policyholders to compensate those providers of medical care whom the individual Members or policyholders sought out for treatment.

100.    Defendants accepted the services that Plaintiff Code 3 provided, and Defendants benefitted from those services. Defendants verified the status and benefits of its Members or policyholders when Plaintiffs requested that information, intending for Plaintiffs to rely on the

Members' or policyholders' status as active policyholders as assurance Members or policyholders would provide adequate reimbursement for the services Code 3 provided to them.

101.    Defendants had reasonable notice that Plaintiffs expected to be compensated for the services provided, because Code 3 submitted claims payment requests which identified the Member or policyholder and the service Plaintiffs provided.

102.    As a result of Defendants' failure to pay Plaintiff for the reasonable value of the services they provided, Plaintiffs have been damaged in an amount to be determined by the court, but no less than $75,000.

## DEMAND FOR TRIAL BY JURY

103.    Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

FOR THESE REASONS, Plaintiff Carrie de Moor, M.D. and Plaintiff Code 3 Emergency Physicians, P.A. respectfully request that Defendants be cited to appear and answer, and that upon a final hearing of this matter, the Court enter judgment in favor of Plaintiffs and against Defendants, and award to Plaintiffs their actual damages in amounts to be determined at trial as well as prejudgment and post-judgment interest at the maximum rate allowed by law, costs of court, and such other and further relief to which Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

 /s/ Michael S. Alfred
Michael S. Alfred
State Bar No. 24014416
VerisLaw, PLLC
6508 Colleyville Blvd., Suite 100
Colleyville, Texas
(817) 678-4121 telephone
(512) 717-7230 fax
malfred@verislaw.net

COMPLAINT – Page 42

AND

Jack Stick
State Bar No. 00795156
VerisLaw, PLLC
Suite E 240-624
3801 North Capital of Texas Highway
Austin, Texas 78746
(512) 710-6000
(512) 717-7230 (fax)
jstick@verislaw.net

Counsel for Plaintiffs